UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NORA CALIANNO, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 4:12-cv-435 |
| | § | |
| DISTINCTIVE BRANDS, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

**I.     INTRODUCTION**

This suit concerns a dispute on a promissory note.  On January 15, 2013, the Court conducted a one-day bench trial in this case.  During the course of the trial, the parties presented documentary exhibits and witness testimony related to the transactions at issue.  After the conclusion of the trial and after having carefully evaluated the parties' submissions, the record, the evidence admitted at trial and the applicable law, the Court finds and concludes that: (1) the defendant, Distinctive Brands, Inc. ("DBI"), is liable to the plaintiff for breach of the promissory note and must pay the plaintiff a total of $122,840.75 in damages; (2) the defendants, David Van Name ("Van Name") and Dean Mefford ("Mefford") (together, the "individual defendants") ("DBI" and the "individual defendants" collectively referred to as the "defendants"), are not personally liable on the promissory note; and (3) there was no novation or modification of the

promissory note.[1] Accordingly, the Court hereby sets forth its findings of fact and conclusions of law in this Memorandum Opinion and Order.[2]

## II.   FACTUAL FINDINGS

The plaintiff is an individual residing in McKinney, Collin County, Texas.  DBI is a corporation organized and exiting under the laws of the state of Delaware with its principal place of business located in Boulder, Colorado.  DBI is engaged in the business of manufacturing and selling beef jerky.  Van Name is an individual residing in Valencia, California and Mefford is an individual residing in Hinsdale, Illinois.

On or about January 31, 2010, the plaintiff advanced $100,000 to DBI for the purpose of paying its tax liabilities for the 2009 tax year.  Specifically, the plaintiff was contacted in January of 2010, by her son, Robert Calianno ("Calianno"), DBI's then-acting Chief Executive Officer, to secure a loan to pay DBI's outstanding federal payroll tax obligations for the 2009 tax year.  After obtaining the funds from the plaintiff, Calianno drafted a promissory note (the "Note") memorializing DBI's obligation to her.  On or about March 30, 2010, Calianno, at a corporate board meeting in Chicago, Illinois, presented the Note to Mefford, DBI's then-acting Board of Directors' Chairman, and Van Name, DBI's then-acting Chief Financial Officer, for execution on DBI's behalf.  Mefford and Van Name executed the Note in their corporate capacities as DBI's CFO and Chairman of the Board, respectively.  The Note states, in pertinent part, the following:

> FOR VALUE RECEIVED, the undersigned hereby jointly and severally promise to pay to the order of Nora Calianno, the sum of one hundred thousand

---

[1] In her Original Petition, the plaintiff alleges causes of action for quantum meriut and equitable estoppel in addition to her claims for breach of contract and attorneys' fees.   To date, she appears to have abandoned such claims and thus, this Court will treat such claims as abandoned.

[2] At trial, the Court informed the parties that the attorneys' fee issue would be dealt with as a post-trial matter and provided the parties with the briefing schedule for filing motions and responses concerning the same.  As such, a separate Order will issue relative to the plaintiff's request for attorneys' fees and costs.

>($100,000.00) Dollars, together with interest thereon at the rate of 15.0% per annum on the unpaid balance.  Said sum shall be paid in the manner following:
>
>   1. All payments shall be first applied to interest and then balance to principal.
>   2. This Note may be prepaid, at any time, in whole or in part, without penalty.
>
>This Note shall at the option of the holder hereof be converted to common stock of Distinctive Brands, Inc., at the rate of $4.75 per share or the current valuation at the time of the conversion.

(Pl.'s Ex. No. 1).

On August 11, 2011, the plaintiff, as owner and holder of the Note, made demand on the defendants for payment of all amounts due and owing under the Note plus accrued interest. Subsequent to the plaintiff's demand for repayment, settlement discussions between the plaintiff and DBI ensued. During this time, several communications were exchanged between the parties. As part of the parties' settlement negotiations, a modification to the Note was proposed. The terms and scope of that purported modification is what is largely being disputed by the parties. Nevertheless, the Court determines that the evidence proffered at trial demonstrated that while some terms were preliminarily agreed to, others were not, and a final loan modification agreement was never reached between the parties.

In December of 2011, DBI began making payments to the plaintiff which, to date, total $28,000. At the time of trial, the net balance owed by DBI, after all credits and offsets are applied, is $122,840.75.

### III.  ANALYSIS AND DISCUSSION

#### A.  The Plaintiff's Claim for Breach of Contract Against the Defendants

##### 1.  DBI's Liability on the Note

As a threshold matter, the plaintiff seeks to recover on the Note from the defendants. To recover on a promissory note under Texas law, the plaintiff must establish that: (1) the note exists; (2) she is the owner and/or holder of the note; (3) the defendant is the maker of the note; and (4) a certain unpaid balance remains due and owing on the note. *See SMS Fin., Ltd. Liab. Co. v. ABCO Homes, Inc.*, 167 F.3d 235, 238 (5th Cir. 1999) (citing *Bean v. Bluebonnet Sav. Bank FSB,* 884 S.W.2d 520, 522 (Tex. App.-Dallas 1994, no writ)); *see also Suttles v. The Thomas Bearden Co.*, 152 S.W.3d at 611 (Tex. App.-Houston [1st Dist.] 2004, no pet.).

In the case *sub judice*, the parties do not dispute that the Note exists or that the plaintiff is the legal owner and holder of the Note. The Court also finds, as more fully set forth below, that the evidence presented at trial establishes that DBI is the maker of the Note because Van Name and Mefford unambiguously signed the Note in their representative capacities on DBI's behalf. *See Suttles*, 152 S.W.3d at 611 (citing Tex. Bus. & Comm. Code §3.402) (reasoning that a defendant is the maker of a note, when its signature appears on the note or its representative signs the note on its behalf). Further, the Court concludes that a certain unpaid balance remains due and owing on the Note as it is, indeed, payable on demand. *See Vernon v. Ford*, 853 S.W.2d 680, 682 (Tex. App.-Texarkana 1993) (citing Tex. Bus. Com. Code, § 3.108) (maintaining that "a note without a time for repayment is a demand note and is actionable immediately").

The evidence presented in this case establishes that: (1) the plaintiff made demand for payment on the defendants on August 11, 2011; (2) despite demand, the defendants failed to tender all amounts due and owing under the Note; (3) to date, DBI has tendered a total of

$28,000; and (4) after all credits and offsets are applied, the net balance owed under the Note is $122,840.75. Thus, the plaintiff is entitled to a judgment against DBI in the amount of $122,840.75.

### 2. Van Name and Mefford's Liability on the Note

The parties dispute, however, whether Van Name and Mefford can be held liable as makers of the Note. Under Texas law, in order to demonstrate that a defendant is the maker of a note, the plaintiff must establish that "the defendant's signature appears on the note or that a representative of the defendant signed the note on the defendant's behalf." *Suttles*, 152 S.W.3d at 611 (citing Tex. Bus. & Comm. Code §3.402). Even still, a defendant will not be held liable on a note if his signature was made in a representative capacity. *See id.; see also* Tex. Bus. & Com. Code § 3.402(b) (Vernon 2002). Pursuant to §3.402(b)(1), a party signing in a representative capacity is not personally liable as a matter of law. *Suttles*, 152 S.W.3d at 611.

Section 3.402 of the Tex. Bus. & Comm. Code provides, in relevant part, that a representative is not liable on an instrument "if the form of the signature shows unambiguously that the signature is made on behalf of the represented person who is identified in the instrument" and the signature is authorized. Tex. Bus. & Comm. Code § 3.402(b)(1).[3] The signature block at issue in this case reads as follows:

---

[3] Tex. Bus. & Comm. Code § 3.402(b)(1) specifically provides :
(b) If a representative signs the name of the representative to an instrument and the signature is an authorized signature of the represented person, the following rules apply:

> (1) If the form of the signature shows unambiguously that the signature is made on behalf of the represented person who is identified in the instrument, the representative is not liable on the instrument. . . .

| | |
|---|---|
| */s/ David Van Name* | */s/ Dean A Mefford* |
| David Van Name | Dean Mefford |
| CFO | Chairman of the Board |
| Distinctive Brands, Inc. | Distinctive Brands, Inc. |

Indeed, it identifies DBI and expressly denotes Van Name and Mefford's representative capacities at DBI.  Because it is undisputed that Van Name and Mefford's signatures on the Note were authorized, their signatures unambiguously demonstrate that they were made on DBI's behalf.  Further, the evidence adduced at trial establishes that neither Van Name nor Mefford solicited the loan, received any proceeds therefrom or otherwise agreed or volunteered to be liable as guarantors at any point in time, especially prior to any funds being advanced by the plaintiff.

The plaintiff's reference to the joint and several liability language contained within the body of note is of no moment and does not alter this Court's findings because in accordance with the applicable law, the Court need only look to the form of the signature to insure that it unambiguously shows execution in a representative capacity.  *Suttles*, 152 S.W.3d at 612 - 13; *see also* Tex. Bus. & Com. Code § 3.402(b).  Therefore, this Court concludes that the individual defendants are not makers of the Note since the signature block contained within the Note indicates that they signed the Note solely in their representative capacities on behalf of DBI.  Thus, the Court finds that Van Name and Mefford's signatures on the Note do not make them personally or individually liable on the Note and the plaintiff shall take nothing from them on her breach of contract claim.

    B.   There Was No Novation or Modification of the Note

In order to establish the defense of novation under Texas law, the party raising the defense must demonstrate: "(1) the validity of a previous obligation; (2) an agreement among all

parties to accept a new contract; (3) the extinguishment of the previous obligation; and (4) the validity of the new agreement." *Fulcrum Central v. AutoTester, Inc.*, 102 S.W. 3d 274, 277 (Tex. App.- Dallas 2003, no pet.) (citing *Vickery v. Vickery*, 999 S.W.2d 342, 356 (Tex. 1999)). The substitution of a new agreement occurs when a later agreement is so inconsistent with a former agreement that the two cannot subsist together. *Fulcrum Central*, 102 S.W. 3d at 277. In the absence of inconsistent provisions, "a second contract will operate as a novation of a first contract only when the parties to both contracts intend and agree that the obligations of the second shall be substituted for and operate as a discharge of the obligations of the first." *Id.* (quoting *Chastain v. Cooper & Reed,* 257 S.W.2d 422, 424 (1953)). "It must clearly appear that the parties intended a novation, and novation is never presumed. *Fulcrum Central*, 102 S.W. 3d at 278.

   The evidence offered at trial negates the second, third and fourth elements required for a novation as it demonstrates that the parties could not agree on the terms relative to the proposed loan modification and no final agreement was ever reached between them. Moreover, no evidence was proffered at trial to establish that the proposed loan modification sought to extinguish the Note or to otherwise indicate that DBI was being released from its original obligations under the Note. Furthermore, the proposed loan modification is not so inconsistent with the Note that the two documents could not exist together nor does the evidence presented clearly indicate that the parties intended a novation. In fact, the only evidence offered at trial that could even purportedly give rise to a novation consists of a series of email exchanges between the parties that were a part of the parties' initial settlement discussions prior to the instant action being filed. These e-mail exchanges, nonetheless, fall short of comprising a novation as it is undisputed that none of the documentary evidence tendered at trial or otherwise

contained in the record points to a mutually-agreed loan modification between the parties.  Other evidence in the record also suggests that DBI never completely assented to the plaintiff's terms, but rather insisted on additional changes that were never accepted by the plaintiff.  Finally, no loan modification was ever executed by all the parties.  Hence, it is not "clearly apparent" that a novation was intended and, as such, the defense fails.

Finally, DBI asserts the affirmative defense of contract modification, the burden of which rests on the party alleging the modification.  *Williams v. Colthurst,* 253 S.W.3d 353, 359 (Tex. App.–Eastland 2008, no pet.).  Under Texas law, "[a] contract modification must satisfy the traditional requirements of a contract—there must be a meeting of the minds supported by consideration." *Arthur J. Gallagher & Co. v. Dieterich*, 270 S.W.3d 695, 701 -702 (Tex. App.–Dallas, 2008) (citing *Barrand, Inc. v. Whataburger, Inc.,* 214 S.W.3d 122, 145 (Tex. App.-Corpus Christi 2006, pet. denied)).  When deciding whether a meeting of the minds concerning a contract modification has occurred, the emphasis is on what the parties did and said, not their subjective intent.  *Dieterich*, 270 S.W.3d at 702 (citing *Komet v. Graves*, 40 S.W.3d 596, 601 (Tex. App.-San Antonio 2001, no pet.)).  Moreover, when a party agrees to do no more than that which he is already bound to do under an existing contract, the consideration is not sufficient to support a modification. *Dieterich*, 270 S.W.3d at 702 (citing *Boondoggles Corp. v. Yancey*, No. 01–05–00185–CV, 2006 WL 2192708, at *6 (Tex. App.-Houston 2006, no pet.) (to be effective, modification must be supported by additional consideration)).

Here, the evidence adduced at trial demonstrates that there was no new consideration tendered by DBI for the purported loan modification since DBI was already obligated to render payments, including attorneys' fees and costs, to the plaintiff under the terms of the Note.  Furthermore, any modification of the material terms as asserted by DBI would have to be in

writing in order to withstand a statute of frauds defense. *See Horner v. Bourland*, 724 F.2d 1142, 1148 (5th Cir. 1984). As a consequence, DBI's contract modification defense also fails.

## IV. CONCLUSION

Based on the foregoing, the Court concludes as follows:

(1). The defendant, DBI, is liable for breach of the promissory note and must pay the plaintiff a total of $122,840.75 in damages;

(2). The defendants, Van Name and Mefford, are not individually liable on the promissory note;

(3). There was no novation or modification of the promissory note;

(4). The plaintiff is entitled to recover reasonable and necessary attorneys' fees and costs as more fully set forth in this Court's Order on Attorney's Fees; and

(5). A judgment will be entered in conformity with this Memorandum Opinion and Order.

IT IS SO **ORDERED**.

SIGNED on this 20th day of February, 2013.

_____

Kenneth M. Hoyt
United States District Judge